IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 27, 2010 Session

## MARY DUFFER, as Executrix of the ESTATE OF ELMER HAMILTON LAWSON
v.
## MARY LAWSON

**Appeal from the Chancery Court for Sumner County**
**No. 2008C-268     Tom E. Gray, Chancellor**

**No. M2009-01057-COA-R3-CV - Filed September 3, 2010**

This appeal concerns the ownership of real property. The decedent acquired the subject property while he was married to the defendant surviving spouse. Years later, the decedent quitclaimed his interest in the property to his grandson. Subsequently, the decedent and the grandson disputed ownership of the property and an ancillary lawsuit ensued. Before the litigation was resolved, the decedent died and his estate was substituted as a party. The surviving spouse filed a wrongful death lawsuit against the grandson, asserting he caused the decedent's death. The grandson settled both lawsuits; the settlement of each involved a transfer of the subject real property. Thereafter, the executrix of the decedent's estate filed the instant lawsuit against the surviving spouse seeking a determination as to the ownership of the property. The surviving spouse counterclaimed, asserting various theories of ownership. On the estate's motion, the trial court entered an order dismissing the surviving spouse's counterclaim to the extent that it sought fee simple ownership. The surviving spouse now appeals. We dismiss the appeal, finding that we do not have subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Thomas B. Luck, Nashville, Tennessee, for the appellant, Mary Lawson

John R. Phillips, Jr., Gallatin, Tennessee, for the appellee, Mary Duffer, as Executrix of the Estate of Elmer Hamilton Lawson

## OPINION

### FACTS AND PROCEEDINGS BELOW

Elmer H. Lawson ("Mr. Lawson") and Defendant/Appellant Mary F. Lawson ("Mrs. Lawson," collectively "the Lawsons") married in December 1950.[1]  At the time of the marriage, Mrs. Lawson was fourteen years old, and had attended school through the seventh grade.  Within six years, the couple had three children, including Plaintiff/Appellee Mary Duffer. Over time, the Lawsons came to have at least four grandchildren, including Brad E. Lawson.

In 1970, the Lawsons purchased a home on Aqua Drive in Gallatin, Sumner County, Tennessee, as tenants by the entirety.  This apparently became the family home for over twenty years.

In October 1993, Mr. Lawson purchased the real property that is the subject of this  appeal, 654 Northridge in Gallatin, Tennessee ("Northridge property").  The warranty deed recites that the Northridge property was conveyed "unto Elmer H. Lawson, his heirs and assigns." Mrs. Lawson is not mentioned in the deed.

The Lawsons sold the Aqua Drive property in 1995.  Thereafter, the Northridge property became the Lawsons' marital home.  Mr. and Mrs. Lawson each received half of the proceeds of the sale of the Aqua Drive home in separate checks.  Mrs. Lawson tendered her check to Mr. Lawson to be put toward the purchase of the Northridge property.

While the Lawsons lived in the Northridge home, Mrs. Lawson contributed to its maintenance and upkeep.  By all accounts, the Lawsons resided at the property without issue for over a decade.  By 2005, the relationship between Mr. and Mrs. Lawson apparently became strained.

In September 2005, Mr. Lawson executed a quitclaim deed that conveyed title in the Northridge property as follows:

> [O]ne-half undivided interest to BRAD E. LAWSON, his heirs and assigns,
> and a one-half undivided interest to MARY ANN DUFFER for and during her

---

[1] Because this is an appeal from an order granting judgment on the pleadings, we recite the facts as alleged by Mrs. Lawson in her complaint. *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 352 n.1 (Tenn. 2008) (citing *Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007); *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn. 2004)).

> natural life and at her death to BRAD E. LAWSON, his heirs and ass[ig]ns, AND A LIFE ESTATE to MARY FRANCES LAWSON, SUBJECT TO A LIFE ESTATE RETAINED BY ELMER H. LAWSON

(emphasis in original omitted). The deed was recorded the same month that it was executed. The reason for the transfer of interests in the property to grandson Brad Lawson, daughter Mary Duffer, and Mrs. Lawson, does not appear in the record. Around the same time, Mr. Lawson apparently transferred about five other parcels of real property to grandson Brad Lawson.

About two years later, in October 2007, Mr. Lawson executed his last will and testament. The will stated that Mr. Lawson was "mindful that [Mrs. Lawson] will receive [Northridge] . . . as a tenant by the entireties . . .." In light of this, Mr. Lawson's will provided that Mrs. Lawson should receive the couple's 1997 Buick Park Avenue automobile and all of the household furnishings in the Northridge marital residence.

The next month, in November 2007, the Lawsons executed a deed of trust on the Northridge property. The deed of trust recited that both Mr. Lawson and Mrs. Lawson were owners of the property. In December 2007, the deed of trust was recorded.

At some point, Mr. Lawson and Brad Lawson became engaged in a dispute over the ownership of the various parcels of real property that Mr. Lawson had apparently transferred to Brad Lawson. This dispute included the Northridge property. As a result, grandson Brad Lawson filed a lawsuit against his grandfather, Mr. Lawson, in the Sumner County Chancery Court ("fraud lawsuit").[2] In January 2008, Mr. Lawson filed a counterclaim asserting that his grandson had acquired his interest in the Northridge property and the other properties through fraud, misrepresentation and undue influence. Shortly after that, in February 2008, Mr. Lawson filed a lien *lis pendens* on the Northridge property.

While the fraud lawsuit was pending, Mr. Lawson died on July 12, 2008. Following his death, the Estate of Elmer H. Lawson ("the Estate") was opened and substituted as a party in the fraud lawsuit.

---

[2]The only documents regarding the fraud lawsuit between Brad Lawson and Mr. Lawson in the appellate record in this appeal are the settlement agreement and the agreed final judgment. These are attached as exhibits to the complaint filed by the Estate in the trial court below in the instant proceedings.

The record is not clear on the circumstances, but it appears that Brad Lawson may have been involved in Mr. Lawson's death.[3] Consequently, in the summer of 2008, Mrs. Lawson filed a wrongful death lawsuit against Brad Lawson ("wrongful death lawsuit").[4]

While Mrs. Lawson's wrongful death lawsuit against Brad Lawson was pending, the fraud lawsuit between Brad Lawson and Mr. Lawson's estate was mediated. Meanwhile, on August 20, 2008, Brad Lawson conveyed his interest in the Northridge property to Mrs. Lawson via quitclaim deed, as partial settlement of her wrongful death lawsuit against him. The deed was recorded the next day. A week later, on August 28, 2008, a settlement agreement was reached in the fraud lawsuit. Under the terms of the fraud settlement, Brad Lawson agreed to convey half of his interest in the Northridge property to the Estate and half to Mrs. Lawson, as tenants in common. On September 29, 2008, an agreed final judgment, incorporating the terms of the settlement, was entered in the fraud lawsuit.

The next month, after she learned of the August 20 quitclaim deed from Brad Lawson to Mrs. Lawson, Plaintiff Mary Duffer, as the executrix of Mr. Lawson's Estate, filed the instant lawsuit against Mrs. Lawson on behalf of the Estate. The complaint alleges that the August 20 conveyance was made with the intent to defeat the Estate's claim to the Northridge property. As relief, the complaint sought to have the quitclaim deed declared void and asked the trial court to determine the legal and equitable ownership of the Northridge property.

Mrs. Lawson answered the complaint and asserted a counterclaim. In her counterclaim, she contended that there was a presumption that she and Mr. Lawson held the Northridge property as tenants by the entirety because Mr. Lawson acquired it during their marriage. On this basis, she claimed that she owned Northridge as the surviving tenant by the entirety. In the alternative, she asserted that she had an equitable marital interest in the property and that Mr. Lawson's September 2005 quitclaim transfer to Brad Lawson was a fraudulent conveyance.

---

[3]The November 2009 order of the trial court below states that Mr. Lawson's death was investigated as a homicide, with Brad Lawson facing criminal charges. At oral argument, the Estate's attorney stated that Brad Lawson used a vehicle to run over the wheelchair-bound Mr. Lawson while in the presence of a police officer; this information, however, does not appear elsewhere in the appellate record.

[4]The record includes references to Mrs. Lawson's wrongful death lawsuit, but does not include any of the pleadings filed.

The Estate responded with a Rule 12.02(6)[5] motion to partially dismiss Mrs. Lawson's counterclaim. In the motion, the Estate argued that there was no presumption that Mr. and Mrs. Lawson held the Northridge property as tenants by the entirety because only Mr. Lawson had acquired an interest in the property. In January 2009, after a hearing, the trial court entered an order dismissing "the Counter-Complaint of Mary Lawson asserting 'Tenancy by the Entirety' theory or claim relating to" the Northridge property, based on the trial court's determination that Mr. Lawson's ownership of the property did not create a tenancy by the entirety with Mrs. Lawson. The order stated that Mrs. Lawson's other claims to the Northridge property were "not affected by this partial Dismissal."[6]

Thereafter, with the permission of the trial court, Mrs. Lawson amended her counterclaim. In the amended counterclaim, Mrs. Lawson asserted that she owned the Northridge property in fee simple absolute because she had an equitable interest in the property that Mr. Lawson could not convey. In the alternative, she asserted, *inter alia,* that the September 2005 quitclaim conveyance by Mr. Lawson to Brad Lawson was done with the intent to defeat her marital interest in the Northridge property.

In response to Mrs. Lawsons's amended counterclaim, the Estate filed a motion for partial judgment on the pleadings pursuant to Rule 12.03 of the Tennessee Rules of Civil Procedure.[7] In the motion, the Estate contended that none of Mrs. Lawson's assertions

---

[5]Rule 12.02 of the Tennessee Rules of Civil Procedure provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: . . . (6) failure to state a claim upon which relief can be granted, . . ..

TENN. R. CIV. P. 12.02.

[6]In its appellate brief, the Estate asserts that the January 2009 order was certified as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. This assertion was reiterated at oral argument by the attorney for the Estate. From our review of the record, the January 2009 order does not mention Rule 54.02 and does not direct entry of a final judgment with an express determination that there is no just reason for delay.

[7]Rule 12.03 of the Tennessee Rules of Civil Procedure provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the

(continued...)

"standing alone or in [the] aggregate" entitled her to fee simple ownership of the Northridge property, "as opposed to a potential marital interest."

After a hearing, the trial court granted the Estate's Rule 12.03 motion. The May 2009 order stated:

> IT IS ORDERED that claim of Mary Lawson as set forth in the original Amended Counter Complaint . . . is DISMISSED to the extent that such claim asserts the right to a fee simple ownership of [the Northridge property], with the claim of Mary Lawson for an equitable interest in such property . . . reserved for final resolution.
>
> IT IS FURTHER ORDERED AND ADJUDGED that this Order is, under and purs[ua]nt to Rule 54.02 of the Tennessee Rules of Civil Procedure, designated and determined as a FINAL JUDGMENT as to the issue of [Mrs. Lawson's] claim of fee simple ownership of [the Northridge property] only.

Mrs. Lawson timely filed a notice of appeal, appealing the May 2009 order.

Thereafter, in August 2009, the case proceeded to trial. In November 2009, the trial court entered an order which appears to adjudicate Mrs. Lawson's other legal theories related to her claim of an interest in the Northridge property.[8] We now consider Mrs. Lawson's appeal from the May 2009 order.

---

[7](...continued)

> motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

TENN. R. CIV. P. 12.03

[8]This Court granted the Estate's motion to supplement the appellate record to include the trial court's November 2009 order as a post-judgment fact pursuant to Rule 14 of the Tennessee Rules of Appellate Procedure. At the oral argument of this appeal, both parties' attorneys stated that there was a pending motion in the trial court below to alter or amend the November 2009 order; the appellate record has not been supplemented with regard to the motion to alter or amend.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Mrs. Lawson argues that the trial court erred in declining to hold that she owns the Northridge property as the surviving tenant by the entirety or that the Northridge property is marital property under the doctrine of transmutation.

Recently, we summarized the standard of review applicable when a trial court grants a motion for judgment on the pleadings:

> In reviewing a trial court's grant of judgment on the pleadings under Rule 12.03 of the Tennessee Rules of Civil Procedure, we construe the complaint in favor of the plaintiff "by taking all factual allegations in the complaint as true and by giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts." *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 352 n. 1 (Tenn.2008) (citing *Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn.2007); *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn.2004)). Conclusions of law are not admitted and judgment on the pleadings should not be granted "unless the moving party is clearly entitled to judgment." *Cherokee Country Club, Inc.*, 152 S.W.3d at 470 (Tenn.2004) (quoting *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn.1991)). This determination is a question of law, and we review the trial court's conclusions of law de novo with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 713 (Tenn.2002) (citing *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn.1993)); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn.2000) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn.1998)).

*Harman v. Univ. of Tenn.*, No. E2009-02139-COA-R3-CV, 2010 WL 2432049, at *2 (Tenn. Ct. App. June 16, 2010), *perm. app. filed* Aug. 16, 2010.

## ANALYSIS

Prior to addressing the substantive issues raised on appeal, we must first determine whether this Court has subject matter jurisdiction to hear this appeal. *See* TENN. R. APP. P. 13(b). "Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn.1996) (citing *Landers v. Jones*, 872 S.W.2d 674 (Tenn.1994)).

Unless otherwise provided by statute or the Rules of Appellate Procedure, this Court does not have subject matter jurisdiction over the appeal of an order that is not final. *City of*

***Jackson v. Hersh***, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *3 (Tenn. Ct. App. Aug. 25, 2009), *no perm. app.* (citing ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990)). A final judgment is one that adjudicates all claims, rights and liabilities of all parties to an action. ***See*** TENN. R. APP. P. 3(a).

Rule 54.02 of the Tennessee Rules of Civil Procedure is one of the exceptions[9] to the general rule requiring a final judgment for this Court to have subject matter jurisdiction. ***See*** TENN. R. APP. P. 3(a); ***see also Ikbariah v. Williams***, No. W2008-00126-COA-R3-CV, 2008 WL 4613952, at *2 (Tenn. Ct. App. Oct. 17, 2008), *no perm. app.* Rule 54.02 provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

TENN. R. CIV. P. 54.02. Thus, Rule 54.02 may come into play when there are multiple parties, multiple claims, or both. Under such circumstances, the trial court may direct the entry of a final judgment as to one or more, but fewer than all, of the claims or parties. To satisfy the requirements of Rule 54.02, such an order must include "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment." TENN. R. CIV. P. 54.02. If this "magic language" is omitted, the interlocutory order does not comply with Rule 54.02 and is not a final and appealable order. ***See State ex rel. Comm'r of Tenn. Dep't of Transp. v. West Coast, LLC***, No. M2009-00140-COA-R3-CV, 2009 WL 4801713, at *4 n.4 (Tenn. Ct. App. Dec. 14, 2009), *no perm. app.*

It is undisputed that the May 2009 order is an interlocutory order, inasmuch as the trial court explicitly reserved adjudication of Mrs. Lawson's equitable interest in the Northridge

---

[9]Under Rule 9 of the Tennessee Rules of Appellate Procedure, both the trial court and the appellate court may grant permission to appeal an interlocutory order. TENN. R. APP. P. 9(a). Under Rule 10 of the Tennessee Rules of Appellate Procedure, the appellate court grants permission to appeal an interlocutory order. TENN. R. APP. P. 10(a).

property. *See* TENN. R. APP. P. 3(a) (providing definition of a final judgment). The order contains part of the "magic language," in that it includes an express designation of a final judgment pursuant to Rule 54.02. However, the order lacks "an express determination that there is no just reason for delay." TENN. R. CIV. P. 54.02. Thus, while the May 2009 order invokes Rule 54.02, it does not include all of the "magic language" and is not a final and appealable judgment. *See West Coast, LLC*, 2009 WL 4801713, at *4 n.4.

Moreover, even if the May 2009 order contained the appropriate language from Rule 54.02, the order does not resolve a distinct "claim" for the purposes of Rule 54.02.[10] A "claim" denotes "the aggregate of operative facts which give rise to a right enforceable in the courts." *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug. 15, 2008), *no perm. app.* (quoting *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 191 (6th Cir. 1978)). Thus, "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Id*. (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976)).

The case at bar concerns a dispute over the ownership of real property that has been the subject of multiple transfers among family members. In her counterclaim, Mrs. Lawson asserts an ownership interest in the Northridge property based on a potpourri of legal theories. Resolution of her claim to an ownership interest is predicated on the same aggregate of operative facts, *i.e.* the circumstances surrounding the multiple documents concerning the ownership of the Northridge property. Eliminating the legal theories that would result in fee simple ownership does not constitute resolution of a "claim." Consequently, even if the trial court's order had included the Rule 54.02 "magic language," certification under Rule 54.02 would be considered improvident because the May 2009 order does not enter judgment on a "claim" for the purposes of the Rule.

Therefore, we must conclude that this Court does not have subject matter jurisdiction to hear this appeal, and the appeal must be dismissed.[11]

---

[10]There are only two parties in the case at bar. Therefore, the applicability of Rule 54.02 turns on the presence of multiple claims. *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *4 (Tenn. Ct. App. Aug. 15, 2008), *no perm. app.* (citing *Tucker v. Capitol Records, Inc.*, No. M2000-01765-COA-R3-CV, 2001 WL 1013085, at *7 (Tenn. Ct. App. Sept. 6, 2001)).

[11]In the Estate's motion to supplement the record with the trial court's November 2009 order, the Estate maintains that Mrs. Lawson did not appeal from a final judgment. Although the Estate refers to the November 2009 order as "final," the November 2009 order expressly reserves other unspecified matters, and

(continued...)

**CONCLUSION**

For the reasons set forth above, the appeal is dismissed. The costs of this appeal are taxed to the Appellant Mary Lawson, and her surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[11](...continued)
therefore does not purport to be a final order. Mrs. Lawson maintains that the November 2009 order is not a final judgment. Under these circumstances, the November 2009 order does not affect our holding that this Court lacks subject matter jurisdiction over the instant appeal.