**Rhoda V. McINTYRE et al., Plaintiffs-Appellants,**

v.

**The FIRST NATIONAL BANK OF CINCINNATI, Defendant-Appellee,**

**KDI Corporation, KDI Verkamp Corporation, The Herbert-Verkamp-Calvert Chemical Company, Defendants.**

No. 78–3279.

United States Court of Appeals, Sixth Circuit.

Decided Oct. 27, 1978.

Thomas L. Conlan, Kyte, Wulsin & Vogeler, Frederick J. McGavran, Cincinnati, Ohio, for plaintiffs-appellants.

L. Clifford Craig, Ross E. Wales, Taft, Stettinius & Hollister, Cincinnati, Ohio, for First National.

Before ENGEL, KEITH and MERRITT, Circuit Judges.

PER CURIAM.

The posture of this appeal is unusual. Appellants move to dismiss their own appeal on the ground the district court did not have the power under Rule 54(b), Fed.R. Civ.P., to certify as final the judgment from which appeal was taken. In the alternative they move for a stay of appellate proceedings pending a final decision by the district court on all other issues in this action.

■ Appellants filed a complaint in the district·court against four separate defendants, including the appellee First National Bank of Cincinnati, for alleged violations of federal securities laws and certain sections of the Ohio Revised Code. The district court ordered the state claims to be tried separately at a later date and held a trial to determine the liability of the defendants on the federal claims. On October 11, 1977 the district court entered an order finding three of the defendants liable to the appellants on the federal claims, but finding the appellee First National Bank of Cincinnati not liable. Trial of the federal claims had been bifurcated and further proceedings as to damages were yet to be held as to the parties found liable. Nevertheless, on motion of the Bank, the district court, on April 10, 1978, entered final judgment for the appellee under Rule 54(b) based upon its October 11, 1977 order, certifying there was no just reason for delay.

At the time the district court certified its final judgment as to the Bank, it had not yet fully adjudicated one or more of appellants' claims nor fully determined the liability of appellee Bank, since its liability upon the state claim embodied in Count IV was yet to be heard.[1] The district court therefore had no authority to enter final judgment for appellee under Rule 54(b).

Amended 54(b) authorizes the district court in its discretion to make a certificate when it has made an adjudication "as to one or more but fewer than all of the claims or parties." This is not a

---

1. To the extent that Count IV was premised upon the federal securities laws, however, the district court entered judgment in favor of the Bank.

warrant for the district court to make interlocutory adjudications final via a certificate.

6 Moore's Federal Practice ¶ 54.27[3] at 334 (2d ed. 1976) (footnotes omitted).

Professor Moore further observes:

Under the amended Rule, then, the district court must make a final adjudication as to at least *one* of the multiple claims or multiple parties before the district court is authorized by its certificate to make its adjudication final. Hence if the district court enters an order permitting the complaint to be amended, or an order requiring the production of certain documents, or a summary judgment for a portion of a claim, or any other order that falls short of adjudicating at least *one* claim, or the total interest of at least one party, the order cannot be made final under amended 54(b), despite an "express determination" and an "express direction."

6 Moore's Federal Practice, *supra*, ¶ 54.30[1] at 443–44 (footnotes omitted) (emphasis in original). *See also* 10 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2657 at 54 (1973).

■ Moreover, that the state claim alleged under Count IV is upon a separate legal theory of fraudulent conveyance does not affect the non-finality of the judgment as it relates to the federal securities law claim embodied in that count. Even though different theories of liability may have been asserted, the concept of a "claim" under Rule 54(b) denotes " 'the aggregate of operative facts which give rise to a right enforceable in the courts.' " *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2d Cir.), *cert. denied*, 375 U.S. 879, 84 S.Ct. 146, 11 L.Ed.2d 110 (1963), *quoting Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943). *See also* 10 Wright & Miller, *supra*, ¶ 2657 at 50.

For the foregoing reasons, the judgment of the district court is not final and this court is without jurisdiction to review it at this time.

Appeal dismissed.