815 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David M. WEST, Plaintiff-Appellant,
v.
Martha Layne COLLINS, et al., Defendants-Appellees.
 No. 87-5058.
 United States Court of Appeals,
Sixth Circuit.
 March 16, 1987.
 
 Before LIVELY, Chief Judge, BOGGS, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellee moves to dismiss this appeal as being prematurely filed. The order from which appellant attempts to appeal is a pretrial order entered by the magistrate. The parties did not consent to the exercise of plenary jurisdiction by the magistrate and absent such consent, this Court lacks jurisdiction to review the magistrate's order. Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir. 1984). Furthermore, the pretrial order simply sets a pretrial conference, and had the order been signed by a district judge, the order would be nonappealable because it is not a final order within the meaning of 28 U.S.C. Sec. 1291. Catlin v. United States, 324 U.S. 229 (1945).
 
 
 2
 In his notice of appeal, appellant specifies that he also seeks review of the dismissal of several parties named in this action. It appears that the order to which he refers was entered by the district judge on April 21, 1986. Because the order disposes of fewer than all the parties to the action, it is not a final order subject to review. McIntyre v. First National Bank of Cincinnati, 585 F.2d 190 (6th Cir. 1978). The final decision of the district court has not been entered during the pendency of this appeal; this Court lacks jurisdiction over the matter. Gillis v. Department of Health and Human Services, 759 F.2d 565 (6th Cir.1985).
 
 
 3
 Because this Court lacks jurisdiction over this appeal, the case is dismissed. Appellant's motions for summary judgment, injunctive relief, a restraining order and to remove Judge Siler and Magistrate King are denied. The motion to stay the pretrial hearing of February 12, 1986, is denied as moot.