IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
February 23, 2010 Session

**BARRY I. CHOOK**

**v.**

**TASHAWN N. PIRELA JONES and KENNETH JONES**

**Appeal from the Circuit Court for Shelby County**
**No. CT-006057-07     D'Army Bailey, Judge**

---

**No. W2008-02276-COA-R3-CV - Filed March 17, 2010**

---

This is an appeal of a discovery matter.  The plaintiff was involved in a motor vehicle accident with the defendants.  One year and one day after the accident, the plaintiff filed a lawsuit asserting negligence.  The complaint sought money damages for damage to property and personal injury.  The defendants filed a motion to dismiss based on the statute of limitations.  The plaintiff sought extensive discovery of the defendants' personal records. The trial court denied the plaintiff's motion to compel discovery and granted the defendants' motion to dismiss.  The plaintiff now appeals.  We find that the order from which the plaintiff appeals is not a final judgment.  Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

William E. Friedman, Memphis, Tennessee, for the Plaintiff/Appellant, Barry I. Chook

Forrest R. Jenkins, Germantown, Tennessee, for the Defendant/Appellees, Tashawn N. Pirela Jones and Kenneth Jones

Darryl D. Gresham and Harry W. Lebair, IV, Memphis, Tennessee for the unnamed Appellee, GEICO Indemnity Company

## FACTS AND PROCEEDINGS BELOW

On December 4, 2006, Plaintiff/Appellant Barry I. Chook ("Mr. Chook") was involved in a vehicular accident in Shelby County, Tennessee. Mr. Chook's vehicle was allegedly rear-ended by a vehicle owned by Defendant/Appellees Tashawn N. Pirela Jones ("Mrs. Jones") and Kenneth Jones ("Mr. Jones"); Mrs. Jones was driving at the time. As a result of the collision, Mr. Chook allegedly sustained personal injuries and damage to his vehicle.

On December 5, 2007, Mr. Chook filed the instant lawsuit against Mr. and Mrs. Jones. In the complaint, Mr. Chook sought recovery for both personal injury and property damage caused by Mrs. Jones's purported negligence. Mr. Chook also served the complaint on his uninsured and underinsured motorist insurance carrier, unnamed Defendant/Appellee GEICO Indemnity Company ("GEICO") (GEICO and Mr. and Mrs. Jones collectively, "Defendants").

After answering the complaint, GEICO filed a motion for partial summary judgment on the issue of damages for Mr. Chook's personal injury. GEICO argued that Mr. Chook's recovery of damages for personal injury was barred by the one-year statute of limitations[2]

---

[1] **Rule 10. Memorandum Opinion**
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

[2]Tennessee Code Annotated § 28-3-104(a)(1) provides:

(a) The following actions shall be commenced within one (1) year after the cause of action accrued:

(1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise;

T.C.A. § 28-3-104 (2000).

because he filed suit more than one year after the accident occurred. Subsequently, Mr. and Mrs. Jones filed an answer and a motion to dismiss on the same grounds.

In response, Mr. Chook argued that the statute of limitations was tolled under Tennessee Code Annotated § 28-1-111[3] because Mr. and Mrs. Jones may have been absent from the state during the limitations period. Having no evidence that they were absent, Mr. Chook asked the trial court to hold the Defendants' motions in abeyance pending discovery. The trial court did so, and allowed Mr. Chook limited discovery.

Mr. Chook then propounded interrogatories, asking Mr. and Mrs. Jones whether either of them had traveled "outside the state of Tennessee" during the pertinent time period. Not content with limiting his discovery requests to this inquiry, Mr. Chook also asked the Joneses to disclose their social security numbers, driver's license numbers, bank account information, and credit card account information. He also propounded a request for production of documents, seeking the Joneses' bank account statements, cancelled checks, and cellular telephone bills.

In response to the interrogatories, Mr. and Mrs. Jones stated under oath that, other than a one-day trip to dine at Lambert's Restaurant in Sikeston, Missouri, they had not traveled outside of Tennessee during the pertinent time period. They acknowledged being members of a credit union. The Joneses objected to the remainder of Mr. Chook's discovery requests.

Mr. Chook then filed a motion to compel discovery and for attorney's fees. In response, Mr. and Mrs. Jones renewed their motion to dismiss Mr. Chook's claim with respect to damages for personal injury.

---

[3]Tennessee Code Annotated § 28-1-111 provides:

> If at any time any cause of action shall accrue against any person who shall be out of this state, the action may be commenced within the time limited therefor, after such person shall have come into the state; and, after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the state, the time of absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action.

T.C.A. § 28-1-111 (2000).

On June 27, 2008, the trial court conducted a hearing on the parties' motions. Not surprisingly, Mr. Chook's motion to compel discovery was not granted and the Joneses' motion to dismiss was granted. Mr. Chook now appeals.

### ISSUE ON APPEAL AND STANDARD OF REVIEW

On appeal, Mr. Chook presents the following issue for review:

> Is Mr. Chook entitled to full discovery from Mr. and Mrs. Jones, and to make investigation, with respect to whether either of them were outside of the state of Tennessee during the year following the motor vehicle accident?

"We review a trial court's decision regarding pre-trial discovery matters under an abuse of discretion standard." *BMG Music v. Chumley*, No. M2007-01075-COA-R9-CV, 2008 WL 2165985, at *4 (Tenn. Ct. App. May 16, 2008), *no perm. app.* (citing *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn.1992)). An abuse of discretion occurs "when the trial court applies an incorrect legal standard or reaches a conclusion that is 'illogical or unreasonable and causes an injustice to the party complaining.' " *Id.* (quoting *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)).

### ANALYSIS

Before we can reach the substantive issue on appeal, we must first determine whether this Court has subject matter jurisdiction to hear the appeal. *See* TENN. R. APP. P. 13(b). "Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674 (Tenn.1994)).

This Court "does not have subject matter jurisdiction over orders that are not final, unless otherwise provided by statute or the Rules of Appellate Procedure." *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *3 (Tenn. Ct. App. Aug. 25, 2009), *no perm. app.* (citing *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990)). A final judgment is one that adjudicates all claims, rights and liabilities of all parties to an action. *See* TENN. R. APP. P. 3(a). Except as otherwise provided in Rules 9 and 10 of the Tennessee Rules of Appellate Procedure or Rule 54.02 of the Tennessee Rules of Civil Procedure, an order that adjudicates fewer than all of the claims or all of the rights and liabilities of the parties is not a final, appealable order. *Id.*; *City of Jackson*, 2009 WL 260138, at *3. In this case, there was no application for permission to appeal under T.R.A.P. 9 or 10.

The order from which Mr. Chook appeals dismisses with prejudice his "claim for personal injuries" and grants "final judgment . . . in favor of Defendants as to Plaintiff's claim for personal injuries." It is undisputed that Mr. Chook sought damages for property damage as well as for personal injury.

An order that does not resolve all of the rights and liabilities of the parties may, under some circumstances, be made final and appealable under Rule 54.02 of the Tennessee Rules of Civil Procedure. Rule 54.02 states:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

TENN. R. CIV. P. 54.02. However, to be a final and appealable order under Rule 54.02, the order must contain Rule 54.02's "magic language." *State ex rel. Comm'r of Tenn. Dept. of Transp. v. West Coast, LLC*, No. M2009-00140-COA-R3-CV, 2009 WL 4801713, at *4 n.4 (Tenn. Ct. App. Dec. 14, 2009), *no perm. app.* ("that there be an express determination that there is no just reason for delay and that there be an express direction for entry of a final judgment."). The order from which Mr. Chook appeals does not contain the "magic language" and thus is not a final, appealable order.

Moreover, even if the trial court's order contained the appropriate language from Rule 54.02, the order does not resolve a distinct "claim" for purposes of Rule 54.02. A "claim" denotes "the aggregate of operative facts which give rise to a right enforceable in the courts." *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug. 15, 2008), *no perm. app.* (quoting *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 191 (6th Cir. 1978)). Thus, "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Id.* (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976)). Here, Mr. Chook alleges that Mrs. Jones negligently rear-ended his vehicle, and he seeks recovery for both property damage and

personal injury caused by her negligent act. Under these circumstances, for purposes of Rule 54.02, Mr. Chook asserts only one claim, for all damages arising out of Mrs. Jones's act of colliding with his vehicle. Therefore, even if the order below contained the language required under Rule 54.02, the order is not appropriate for certification as a final, appealable order under Rule 54.02.

Therefore, we must conclude that this Court does not have subject matter jurisdiction to hear this appeal, and the appeal must be dismissed.

## CONCLUSION

For the reasons set forth above, the appeal is dismissed. The costs of this appeal are taxed to the Appellant Barry I. Chook, and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE