IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 16, 2011 Session

TONY WILLIAMS, ET AL. v. TENNESSEE FARMERS LIFE
REASSURANCE COMPANY, ET AL.

Direct Appeal from the Chancery Court for Giles County
No. 3837      Jim T. Hamilton, Judge

No. M2010-01689-COA-R3-CV - Filed May 12, 2011

Defendant insurance company denied benefits under policy of life insurance, alleging the decedent
made material misrepresentations in her application for insurance. The trial court found the decedent
did not make misrepresentations on her application, and entered judgment in favor of Plaintiffs.
Defendant insurance company appeals. We dismiss the appeal for lack of a final judgment.

Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,
W.S., and J. STEVEN STAFFORD, J., joined.

Robert B. Littleton, Nashville, Tennessee, for the appellant, Tennessee Farmers Life
Reassurance Company.

C. Tim Tisher, Columbia, Tennessee, for the appellees, Tony Williams and Angela Williams.

OPINION

        This lawsuit concerns the denial of benefits under a policy of term life insurance issued by
Defendant/Appellant Tennessee Farmers Life Reassurance Company ("Tennessee Farmers") to
Barbara Williams (Ms. Williams). In May 2005, Ms. Williams completed an application for
insurance with Tennessee Farmers. In her application, Ms. Williams indicated that she was disabled;
that she had suffered a number of disorders including tuberculosis, a nervous/sleep disorder, arthritis
and lameness; that she smoked; that she had been involved in car accident resulting in "time lost
from performing [her] duties in connection with [her] employment"; and that she had a family
history of tuberculosis, cancer, and suicide. She indicated that she had not used narcotics or other
drugs not prescribed by a physician, and that she had not been treated or arrested for alcohol or drug
problems. Tennessee Farmers issued a policy of insurance with a face amount of $50,000 to Ms.
Williams in August 2005. An amendment to the policy stated that it was "issued with an extra rate

of 50% of the basic annual premium . . . due to medical reasons." The named beneficiaries of the policy were Ms. Williams' husband, Tony Williams (Mr. Williams), and her daughter Angela Williams (Miss Williams; collectively, "Plaintiffs"). Ms. Williams died of acute methadone intoxication in May 2006, shortly before her 45th birthday.

In September 2006, Tennessee Farmers informed Mr. Williams by letter that it was denying payment under the policy of insurance and returning paid premiums in the amount of $350.50. Tennessee Farmers stated that medical records obtained subsequent to Ms. Williams' death revealed that she had an "extensive medical history" that she had not revealed, and that "[a]ccording to [those] medical records she had received years of Methadone treatment for a narcotic addiction." The letter further stated that, "[a]t the time of her death, she was still receiving narcotic treatment for pain[,]" and that "records from Maury Regional Hospital include[d] statements regarding her history of narcotic addiction and chronic Methadone treatment." Tennessee Farmers also stated that medical records revealed a long history of major depression, including hospitalization in 1978 and exacerbation of the condition in 2001, attendance at the Middle Tennessee Methadone Clinic in 2003, and discharge from a pain management program as a result of drug screening. Tennessee Farmers stated that it would not have issued a policy of insurance to Ms. Williams had it been aware of her "very significant health history." It also stated that her "history of narcotic addiction and Methadone treatment alone would have caused [it] to immediately decline her application."

In May 2007, Plaintiffs filed a cause of action against Tennessee Farmers and Mansel Smelser (Mr. Smelser), their Tennessee Farmers' agent, in the Chancery Court for Giles County. In their complaint, Plaintiffs sought enforcement of the policy of insurance, and prayed for a penalty in the amount of 25 percent for bad faith denial of their claim, and attorney's fees. Plaintiffs asserted that, during the underwriting process, Tennessee Farmers requested and received medical records that indicated that Ms. Williams was going to the methadone clinic and "other information related to her past medical history and treatment."

Tennessee Farmers and Mr. Smelser answered the complaint in July 2007. In their answer, they denied any bad faith denial; admitted that Tennessee Farmers had requested and received some of Ms. Williams' medical records during the underwriting process; and denied that any of the records that it had received indicated that Ms. Williams had attended a methadone clinic or that she had a drug-related problem. Tennessee Farmers asserted that, in response to question 6 of the application for insurance, Ms. Williams "affirmatively denied that she had ever used narcotics or had been treated for drug related problems."

The trial court heard the matter without a jury in May 2010. On June 14, 2010, the trial court entered judgment in favor of Plaintiffs. In its order, the trial court found that Ms. Williams had not made misrepresentations in her application for insurance. The trial court ordered Tennessee Farmers to pay Plaintiffs the sum of $50,000, an amount equal to the value of Ms. Williams' policy of insurance. The trial court also awarded Plaintiffs prejudgment interest at the rate of 10 percent per annum beginning on September 7, 2006, and assessed costs and taxes against Tennessee Farmers. Only Tennessee Farmers filed a timely notice of appeal to this Court.

### Issue Presented

Tennessee Farmers presents the following issue for our review:

> Did the trial court err in finding that Plaintiffs' decedent, Mrs. Barbara L. Williams, did not make any material misrepresentations in her application for life insurance with Tennessee Farmers Life Reassurance Company?

### Standard of Review

We review the trial court's findings of fact *de novo*, with a presumption of correctness, and will not reverse those findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). Insofar as the trial court's determinations are based on its assessment of witness credibility, we will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Our review of the trial courts conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

Tennessee Code Annotated provides:

> No written or oral misrepresentation or warranty made in the negotiations of a contract or policy of insurance, or in the application for contract or policy of insurance, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless the misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

Tenn. Code. Ann. § 56-7-103(2008). Accordingly, to avoid coverage based on an allegation of misrepresentation in the application for insurance, the insurer first must demonstrate that the insured provided an answer that was false. *Womack v. Blue Cross & Blue Shield of Tenn.*, 593 S.W.2d 294, 295 (Tenn. 1980). Second, it must demonstrate that the false statement was made with the actual intent to deceive, or that it increased the insurer's risk of loss. *Id.* Whether an answer was false, and whether a false answer was made with an intent to deceive, are questions of fact for the trier of fact. Whether a false answer materially increased the insurer's risk of loss, however, is a question of law. *Morrison v. Allen*, --- S.W.3d ----, 2011 WL 536593, at *9 (Tenn. 2011)(quoting *Womack v. Blue Cross & Blue Shield of Tenn.*, 593 S.W.2d 294, 295 (Tenn. 1980)).

### Discussion

Tennessee Farmers has appealed the judgment of the trial court pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Although neither party raised the issue of whether the

order appealed is a final judgment, we must review the record *sua sponte* to determine whether we have jurisdiction to adjudicate this appeal. *E.g., State ex rel Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *4 (Tenn. Ct. App. Oct.22, 2008)(*no perm. app. filed*); Tenn. R. App. P. 13(b).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Under certain circumstances, a judgment which adjudicates fewer than all of the claims asserted by the parties may be made final and appealable pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In order to enter judgment under Rule 54.02, however, the trial court must make an explicit finding that there is "no just reason for delay" and must expressly direct that a final judgment be entered. Tenn. R. Civ. P. 54.02. An order is not properly made final pursuant to Rule 54.02 unless it disposes of an entire claim or is dispositive with respect to a party.[1] *Bayberry Assoc. v. Jones*, 783 S.W.2d 553, 558 (Tenn. 1990). In the absence of an order meeting the requirements of Rule 54.02, any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. *Id.*

Oral argument was heard in this matter on February 16, 2011. Upon review of the record, we determined that it did not appear that the trial court had adjudicated Plaintiffs' claim for bad faith denial of benefits or for attorney's fees. Thus, it appeared that no final judgment had been entered in the matter. On March 23, 2011, this Court entered an order directing Appellant Tennessee Farmers to show cause why the appeal should not be dismissed for failure to appeal an appealable order or judgment.

---

[1]We recently have noted that, even if a trial court's order includes the necessary language from Rule 54.02, a final judgment pursuant to the rule is not appropriate unless it disposes of a claim or party. We stated, "[a] 'claim' denotes 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" *Chook v. Jones*, No. W2008-02276-COA-R3-CV, 2010 WL 960319, at *3 (Tenn. Ct. App. Mar. 17, 2010)(quoting *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug.15, 2008), no perm. app. (quoting *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 191 (6th Cir.1978))). Accordingly, "'a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.'" *Id.* (citing *Id.* (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976))).

-4-

On April 4, 2011, Tennessee Farmers responded to our March order with a motion to suspend the finality requirement of Rule 3. As grounds for its motion, Tennessee Farmers asserts that the suspension of the rule would expedite this matter. Tennessee Farmers argues that suspension of the rule is warranted because our disposition of the issue raised on appeal might moot the claim of bad faith. It further submits that should the trial court's judgment be affirmed, the case can be remanded to the trial court for further proceedings.

Rule 2 of the Tennessee Rules of Appellate Procedure provides:

For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion, except that this rule shall not permit the extension of time for filing a notice of appeal prescribed in Rule 4, an application for permission to appeal to the Supreme Court from the denial of an application for interlocutory appeal by an intermediate appellate court prescribed in Rule 9(c), an application for permission to appeal to the Supreme Court from an intermediate appellate court's denial of an extraordinary appeal prescribed in Rule 10(b), an application for permission to appeal prescribed in Rule 11, or a petition for review prescribed in Rule 12.

The purpose of Rule 2 is to empower the courts "to relieve litigants of the consequences of noncompliance with the rules in those circumstances in which it is appropriate to do so." Tenn. R. App. P. 2 (advisory commission comment). Our supreme court has interpreted Rule 2 to permit suspension of the finality requirements of Rule 3 only for good cause. *Bayberry*, 783 S.W.2d at 559.

Tennessee Farmers relies on *Ruff v. Raleigh Assembly of God Church, Inc.*, W2001-02578-COA-R3CV, 2003 WL 21729442 (Tenn. Ct. App. July 14, 2003), *perm. app. denied* (Tenn. Jan. 5, 2004), for the proposition that suspension of the requirement of a final judgment is appropriate in this case. In *Ruff* we stated that, "in order to suspend the requirements of Rule 3(a), this Court must affirmatively show that the rule is suspended and must give a 'good reason' for the suspension." *Ruff*, 2003 WL 21729442, at *5 (citing *See Bayberry Assocs.*, 783 S .W.2d at 559; see also Tenn. R. App. P. 2.). We suspended the finality requirement of Rule 3 on our own motion, noting:

This is the third appeal in a case with a tortured history. These parties have been entangled in this case for over ten years and are entitled to some form of closure. We find this to be "good reason" to suspend the application of Rule 3(a) and address the merits of Mr. Ruff's appeal.

*Id.*

*Ruff* was an action for assault, battery, false imprisonment and intentional infliction of

-5-

emotional distress filed by the plaintiff against the defendant church. Our 2003 opinion disposed of the third appeal of a lawsuit that was filed a decade earlier. *Id.* at *1-2. The appellant raised twelve issues in his third appeal, one of which was that the trial court failed to render a decision on his claim for assault. *Id.* at *2-3. We observed that, in its July 12, 2001 judgment, the trial court stated that the plaintiff/appellant had filed a complaint against the defendant church for "assault and battery, false imprisonment, intentional infliction of emotional distress and outrageous conduct." *Id.* at *6. We further noted that, "[l]ater in the judgment, the trial court state[d] that 'no battery, false imprisonment, outrageous conduct or intentional infliction of emotional distress occurred.' The trial court neglected to mention the assault claim." *Id.* Thus, the lack of a final judgment in *Ruff* resulted from the trial court's omission of the word "assault" in its conclusion.

We more recently suspended the finality requirement of Rule 3 in *Malmquist v. Malmquist*, No. W2007-02373-COA-R3-CV, 2011 WL 1087206 (Tenn. Ct. App. Mar. 25, 2011). *Malmquist* was a divorce case in which the parties had two children together and, after a marriage of five months, the husband filed for divorce. The wife filed a counter-claim, "and unnecessarily protracted litigation ensued" over a period of six years. The parties in *Malmquist*

> inundated the trial court with filings over a two-year period, many of which contained alarming but ultimately unproven accusations. After one transfer of the case and the withdrawal of many attorneys, the parties proceeded to trial during which they presented the live testimony of 30 witnesses and introduced 122 exhibits. The trial court awarded a divorce to both parties on the ground of inappropriate marital conduct, designated the husband as primary residential parent, granted the wife supervised visitation with the children twice a week, awarded the wife half of the 401k benefits the husband accrued during the marriage, and provided the wife transitional alimony for four months.

*Malmquist*, 2011 WL 1087206, at *1. The matters which the trial court had not disposed of were some of a number of petitions for contempt filed in the case. In *Malmquist* we stated:

> The parties in this hotly contested divorce case . . . deserve closure. The principal impediment to both parties moving on from their unsuccessful experiment as a married couple is the pending divorce dispute. It is clear the issues pending before this Court will remain highly disputed until final resolution of this case. It is also evident these parties will litigate any and all potential sources of dispute arising in this or related cases so long as this case is pending. *Although we do not favor the suspension of Rule 3(a), remanding this case to the trial court to resolve the aforementioned petitions for contempt would not facilitate review of the issues before us. It would only cause further strife and delay.* We therefore find good reason to suspend the requirements of Rule 3(a) and exercise jurisdiction over this appeal.

*Id.* at *13 (emphasis added).

The circumstances of the case currently before us do not present good cause for suspension of Rule 3. We observe that many matters would be "expedited" by appeals of interlocutory orders of a trial court. As we have noted in the context of Rule 54.02, judicial economy alone does not justify abandoning the requirement of finality. *Brown v. John Roebuck & Associates, Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009)(citations omitted). Piecemeal review of a claim is not favored. *Tuturea v. Tennessee Farmers Mut. Ins. Co.*, No. W2006-02100-COA-R3-CV, 2007 WL 2011049, at *3 (Tenn. Ct. App. July 12, 2007)(citation omitted).

This Court will suspend the finality requirements of Rule 3 of the Tennessee Rules of Appellate Procedure only in the most extenuating circumstances, where justice so demands. The finality requirements of Rule 3 may not be "waived" by the parties, and we will not suspend Rule 3 as a mere convenience or to work an end-run around Rule 54.02 of the Tennessee Rules of Civil Procedure, or Rules 9 and 10 of the Tennessee Rules of Appellate Procedure.

### *Holding*

In light of the foregoing, this appeal is dismissed and this matter is remanded to the trial court for further proceedings. Costs are taxed to the Appellant, Tennessee Farmers Life Reassurance Company, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE