# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## IN RE: ESTATE OF EARSIE L. KIRKMAN

**Appeal from the Chancery Court for Hardin County**
**No. P7352      James F. Butler, Judge**

**No. W2013-02839-COA-R3-CV - Filed March 17, 2014**

The order appealed is not a final judgment and therefore, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Terry Abernathy, Selmer, Tennessee, for the appellants, Gary Henley, Angelia Durbin, Jerry Henley and Wayne Henley.

C. Mark Donahoe, Jackson, Tennessee, for the appellee, Bobbie Hardin.

## MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, in the trial court's order of May 22, 2013, the trial court reserved the request for approval of attorney's fees by stating "[t]he request for approval of attorney's fees is reserved by the court at this time for application by counsel for the estate."

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

There is nothing in the record awarding attorney's fees to counsel for the estate. Thus, the Court entered an Order on February 11, 2014, directing Appellants to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment, within fifteen (15) days of the entry of that Order.

On February 25, 2014, the Clerk of this Court received a certified, supplemental record containing an order entered by the trial court on February 19, 2014. The order amends the trial court's order of October 1, 2013, i.e., the order appealed in this matter, to state that "in accordance with Rule 54.02 of the Tennessee Rules of Civil Procedure, the Court expressly determines that there is no just reason for delay, and does further expressly direct the entry of a Final Judgment as the claims adjudicated." As of this date, the Clerk has received no further supplements to the appellate record and Appellants have not otherwise responded to our Order of February 11, 2014.

Although the trial order certified its October 1, 2013 order as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, we find that the order was improvidently certified as final. Rule 54.02 of the Tennessee Rules of Civil Procedure provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02. Thus, according to the language of the Rule, certification of an order as final pursuant to Rule 54.02 is not appropriate "unless it disposes of an entire claim or is dispositive with respect to a party." *Irvin v. Irvin*, No. M2010–01962–COA–R3–CV, 2011 WL 2436507, at *8 (Tenn. Ct. App. June 15, 2011). Rule 54.02 does not apply to all orders that are interlocutory in nature, but rather only comes "into play when there are multiple parties, multiple claims, or both." *Duffer v. Lawson*, No. M2009–01057–COA–R3–CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010). Even if a trial court's order includes the necessary language from Rule 54.02, a final judgment pursuant to the rule is not appropriate unless it disposes of a claim or party. This Court has stated, "[a] 'claim' denotes

'the aggregate of operative facts which give rise to a right enforceable in the courts.'" *Irvin* at *8, n. 3 (quoting *Chook v. Jones*, No. W2008–02276–COA–R3–CV, 2010 WL 960319, at *3 (Tenn. Ct. App. Mar.17, 2010) (quoting *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007–01104–COA–R3–CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug.15, 2008), *no perm. app. filed* (quoting *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 191 (6th Cir.1978))). Thus, based on the language of the Rule, certification of an order as final pursuant to Rule 54.02 is not appropriate "unless it disposes of an entire claim or is dispositive with respect to a party." *Id.* at *8.

There is nothing before the Court indicating that the trial court ever adjudicated the Estate's request for an award of attorney fees. Consequently, the order appealed is not dispositive as to a party or claim and therefore, the trial court improvidently certified the order appealed as a final judgment.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990).

**Conclusion**

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellants, Gary Henley, Angelia Durbin, Jerry Henley and Wayne Henley, and the surety for which execution may issue if necessary.

**PER CURIAM**