# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## SANDRA ZOE JEANETTE NAYLOR v. WILLIAM LEE NAYLOR

**Appeal from the Chancery Court for Hardin County**
**No. CH172      James F. Butler, Judge**

_____

**No. W2015-01326-COA-R3-CV – Filed October 7, 2015**
_____

Because the order appealed is not a final judgment, this Court lacks subject matter jurisdiction. Therefore, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., BRANDON O. GIBSON, J. AND KENNY ARMSTRONG, J.

Jeffrey L. Levy, Nashville, Tennessee, for the appellant, William Lee Naylor.

George Douglas Norton, Jr., Selmer, Tennessee, for the appellee, Sandra Zoe Jeanette Naylor.

## MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated the claim for attorney fees as set forth in the "Complaint for Divorce" filed in the trial court on June 3, 2013, by Appellee Sandra Zoe Jeanette Naylor.

Thus, by Order entered on September 11, 2015, the Court directed Appellant William Lee Naylor to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment, within fifteen (15) days of the entry of that Order. The Clerk of this Court received a supplemental record from the trial court clerk containing an order styled "Agreed Order" which amends the Final Decree of Divorce entered on January 29, 2015 by certifying the order as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Appellate Procedure. There is nothing before the Court indicating that the trial court adjudicated the claim for attorney fees.

We are, however, of the opinion that the trial court improvidently certified the order as a final judgment. According to the language of the Rule, certification of an order as final pursuant to Rule 54.02 is not appropriate "unless it disposes of an entire claim or is dispositive with respect to a party." *Irvin v. Irvin*, No. M2010–01962–COA–R3–CV, 2011 WL 2436507, at *8 (Tenn. Ct. App. June 15, 2011). Rule 54.02 does not apply to all orders that are interlocutory in nature, but rather only comes "into play when there are multiple parties, multiple claims, or both." *Duffer v. Lawson*, No. M2009–01057–COA–R3–CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010). Even if a trial court's order includes the necessary language from Rule 54.02, a final judgment pursuant to the rule is not appropriate unless it disposes of a claim or party. This Court has stated, "[a] 'claim' denotes ''the aggregate of operative facts which give rise to a right enforceable in the courts.'" *Irvin* at *8, n. 3 (quoting *Chook v. Jones*, No. W2008–02276–COA–R3–CV, 2010 WL 960319, at *3 (Tenn. Ct. App. Mar.17, 2010) (quoting *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007–01104–COA–R3–CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug.15, 2008), no perm. app. filed (quoting *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 191 (6th Cir.1978))). Thus, based on the language of the Rule, certification of an order as final pursuant to Rule 54.02 is not appropriate "unless it disposes of an entire claim or is dispositive with respect to a party." *Id.* at *8.

In the instant matter, the trial court has not adjudicated the entire action by not adjudicating the claim for attorney fees and therefore, the order appealed is not dispositive with respect to either party. Consequently, the trial court improvidently certified the order appealed as a final judgment and this Court lacks subject matter jurisdiction to hear this appeal. Thus, we must dismiss the appeal.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, William Lee Naylor, and the surety for which execution may issue, if necessary.

**PER CURIAM**