IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

**YULETIDE OFFICE SUPPLY INC. v. JUSTIN MILLER, ET AL.**

**Appeal from the Chancery Court for Shelby County**
**No. CH-17-0403      Jim Kyle, Chancellor**

─────────────────────────────────

**No. W2017-01210-COA-R3-CV**

─────────────────────────────────

Because the order appealed is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J.W.S., ARNOLD B. GOLDIN, J., AND BRANDON O. GIBSON, J.

Richard Darnell Bennett, Memphis, Tennessee, for the appellant, Yuletide Office Supply, Inc.

Taylor Cates, Memphis, Tennessee, for the appellees, Justin Miller, Todd Miller, Ben Miller, Mark Light, and Highbar Trading, LLC.

**MEMORANDUM OPINION**[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones**,* 783 S.W.2d 553 (Tenn. 1990).

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated the following claims, as set forth in the "Verified Complaint for Injunctive Relief and Damages" filed on March 21, 2017: 1) an accounting and judgment for damages; 2) judgment and treble damages for unlawful procurement of breach of contract; 3) punitive damages; and, 4) attorneys' fees and other costs.

Thus, by Order entered on August 14, 2017, the Court found that, although the trial order certified its order of May 11, 2017, as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, the order was improvidently certified as final. The Court directed Appellant Yuletide Office Supply, Inc. to, within ten (10) days of the entry of that Order, obtain entry of a final judgment in the trial court or else, within fifteen (15) days from the entry of that Order, show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment.

On September 14, 2017, the Clerk of this Court received a supplemental record containing the trial court's order entered on August 23, 2017, styled "Amended Order Granting in Part and Denying in Part Plaintiff's Claim for Injunctive Relief" and which again certifies the judgment as a final judgment. We, however, disagree that the order appealed is a final judgment.

Rule 54.02 of the Tennessee Rules of Civil Procedure provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02.

Thus, according to the language of the Rule, certification of an order as final pursuant to Rule 54.02 is not appropriate "unless it disposes of an entire claim or is dispositive with respect to a party." *Irvin v. Irvin*, No. M2010-01962-COA-R3-CV,

2011 WL 2436507, at *8 (Tenn. Ct. App. June 15, 2011). Rule 54.02 does not apply to all orders that are interlocutory in nature, but rather only comes "into play when there are multiple parties, multiple claims, or both." ***Duffer v. Lawson***, No. M2009–01057–COA–R3–CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010). Even if a trial court's order includes the necessary language from Rule 54.02, a final judgment pursuant to the rule is not appropriate unless it disposes of a claim or party. This Court has stated, "[a] 'claim' denotes ''the aggregate of operative facts which give rise to a right enforceable in the courts.'" ***Irvin*** at *8, n. 3 (quoting ***Chook v. Jones***, No. W2008–02276–COA–R3–CV, 2010 WL 960319, at *3 (Tenn. Ct. App. Mar.17, 2010) (quoting ***Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.***, No. M2007–01104–COA–R3–CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug.15, 2008), no perm. app. filed (quoting ***McIntyre v. First Nat'l Bank of Cincinnati***, 585 F.2d 190, 191 (6th Cir.1978))). Thus, based on the language of the Rule, certification of an order as final pursuant to Rule 54.02 is not appropriate "unless it disposes of an entire claim or is dispositive with respect to a party." Id. at *8.

In light of the foregoing, it is apparent that the order appealed is not a final judgment. Consequently, this Court lacks jurisdiction and therefore, this appeal must be dismissed.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is hereby dismissed without prejudice and remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this matter are assessed to Appellant Yuletide Office Supply, Inc. and the surety for which execution may issue, if necessary. **It is SO ORDERED.**

## PER CURIAM