IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## RIVERLAND LLC v. CITY OF JACKSON TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-15-165          Kyle Atkins, Judge**

_____

## No. W2017-01464-COA-R3-CV

_____

Because the order appealed is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., BRANDON O. GIBSON, J., AND KENNY ARMSTRONG, J.

Todd D. Siroky, Jackson, Tennessee, for the appellant, Riverland, LLC.

John D. Burleson, Jackson, Tennessee, for the appellee, City of Jackson, Tennessee.

### OPINION

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones**,* 783 S.W.2d 553 (Tenn. 1990). Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated the claims of nuisance, inverse condemnation, and trespass, as set forth in the "Complaint for Damages and Injunctive Relief and Petition for Inverse Condemnation" filed in the trial court on May 18, 2015.[1]

Thus, by Order entered on November 21, 2017, the Court directed Appellant Riverland, LLC to either, within ten (10) days of the entry of that Order, obtain entry of a

_____

[1] Upon further reflection, the Court determined that only the inverse condemnation remains pending in the trial court.

final judgment in the trial court or else, within fifteen (15) days of the entry of that Order, show cause why this appeal should not dismissed for lack of a final judgment.

The Clerk of this Court received a supplemental record for this matter containing the trial court's order of November 29, 2017, declaring the order appealed to be a final judgment, pursuant to Rule 54.02 of the Tennessee Rules of Appellate Procedure. Although the trial order certified its order as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, we determined that the order was improvidently certified as final. Rule 54.02 of the Tennessee Rules of Civil Procedure provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

TENN. R. CIV. P. 54.02.

Thus, according to the language of the Rule, certification of an order as final pursuant to Rule 54.02 is not appropriate "unless it disposes of an entire claim or is dispositive with respect to a party." *Irvin v. Irvin*, No. M2010–01962–COA–R3–CV, 2011 WL 2436507, at *8 (Tenn. Ct. App. June 15, 2011). Rule 54.02 does not apply to all orders that are interlocutory in nature, but rather only comes "into play when there are multiple parties, multiple claims, or both." *Duffer v. Lawson*, No. M2009–01057–COA–R3–CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010). Even if a trial court's order includes the necessary language from Rule 54.02, a final judgment pursuant to the rule is not appropriate unless it disposes of a claim or party. This Court has stated, "[a] 'claim' denotes ''the aggregate of operative facts which give rise to a right enforceable in the courts.'" *Irvin* at *8, n. 3 (quoting *Chook v. Jones*, No. W2008–02276–COA–R3–CV, 2010 WL 960319, at *3 (Tenn. Ct. App. Mar.17, 2010) (quoting *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007–01104–COA–R3–CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug.15, 2008), no perm. app. filed (quoting *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 191 (6th Cir.1978))). Thus, based on the language of the Rule, certification of an order as final pursuant to Rule 54.02 is not appropriate "unless it disposes of an entire claim or is dispositive with respect to a party." *Id.* at *8.

- 2 -

Consequently, the Court entered an Order on January 5, 2018, finding that there was still nothing before the Court indicating that the trial court ever adjudicated the theory of inverse condemnation. The Court then directed Appellant to, within ten (10) days of the entry of that Order, obtain entry of a final judgment in the trial court. In our Order, we also directed the trial court clerk to, within five (5) days of the entry of the trial court's order, transmit a certified, supplemental record to the Clerk of this Court. We also ordered "[i]n the event that Appellant does not obtain entry of a final judgment within the time provided herein, Appellant shall, within fifteen (15) days from the entry of this Order, show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Failure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On that same date, the Clerk of this Court transmitted a copy of our Order to Appellant's counsel by certified mail, return receipt requested. The Clerk received the return receipt indicating that Appellant's counsel received the mail parcel on January 11, 2018. At this time, there is nothing before the Court indicating that the trial court ever adjudicated the claim of inverse condemnation. Moreover, Appellant has not otherwise responded to our Order of January 5, 2018. Consequently, because there is no final judgment, the Court lacks jurisdiction and this appeal must be dismissed.

**Conclusion**

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Riverland, LLC and the surety for which execution may issue, if necessary. **It is SO ORDERED.**

**PER CURIAM**