IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## SHELBY COUNTY BOARD OF EDUCATION ET AL. v. TENNESSEE SECONDARY SCHOOL ATHLETIC ASSOCIATION

**Appeal from the Chancery Court for Shelby County**
**No. CH-17-1695     Jim Kyle, Chancellor**

_____

### No. W2018-00083-COA-R3-CV
_____

Because the order appealed is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J.W.S., KENNY ARMSTRONG, J., AND ARNOLD B. GOLDIN, J.

Richard Lee Colbert, Nashville, Tennessee, for the appellant, Tennessee Secondary School Athletic Association.

Robert L.J. Spence, Jr., Memphis, Tennessee, for the appellees, Donzaleigh Artis, Pamela Boyce, and Ryan Boyce.

Kenneth Melton Walker, Memphis, Tennessee, for the appellee, Shelby County Board of Education.

### MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

jurisdiction over final orders. *See* ***Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated the claim for a permanent injunction as set forth in the "Amended Petition for Temporary Restraining Order, Temporary Injunction and Permanent Injunction." Although the trial order certified its order as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, we find that the order was improvidently certified as final. Rule 54.02 of the Tennessee Rules of Civil Procedure provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

TENN. R. CIV. P. 54.02.

Thus, according to the language of the Rule, certification of an order as final pursuant to Rule 54.02 is not appropriate unless it disposes of an entire claim or is dispositive with respect to a party. ***Irvin v. Irvin***, No. M2010-01962-COA-R3-CV, 2011 WL 2436507, at *8 (Tenn. Ct. App. June 15, 2011). Rule 54.02 does not apply to all orders that are interlocutory in nature, but rather only comes into play when there are multiple parties, multiple claims, or both. ***Duffer v. Lawson***, No. M2009-01057-COA-R3-CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010). Even if a trial court's order includes the necessary language from Rule 54.02, a final judgment pursuant to the rule is not appropriate unless it disposes of a claim or party. This Court has stated "[a] claim denotes the aggregate of operative facts which give rise to a right enforceable in the courts." ***Irvin*** at *8, n. 3 (quoting ***Chook v. Jones***, No. W2008-02276-COA-R3-CV, 2010 WL 960319, at *3 (Tenn. Ct. App. Mar.17, 2010) (quoting ***Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C***., No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug.15, 2008) (quoting ***McIntyre v. First***

***Nat'l Bank of Cincinnati***, 585 F.2d 190, 191 (6th Cir.1978))). Thus, based on the language of the Rule, certification of an order as final pursuant to Rule 54.02 is not appropriate unless it disposes of an entire claim or is dispositive with respect to a party. ***Irvin***, 2011 WL 2436507, at *8.

Thus, by Order entered on March 12, 2018, the Court entered an Order directing Appellant to, within ten (10) days of the entry of that Order, obtain entry of a final judgment in the trial court or else to, within fifteen (15) days from the entry of that Order, show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Our Order of March 12, 2018, also provided that "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On April 11, 2018, Appellant Tennessee Secondary School Association filed a motion requesting an extension of time to file its brief. In the motion, Appellant stated that Appellant did not believe it could satisfy either of the two options this Court offered in its March 12, 2018, Order. Appellant also stated that it was anticipated that this Court might dismiss this appeal, although the Court has not yet done so.

By Order entered on April 12, 2018, the Court denied Appellant's motion as moot. As of this date, there is nothing before the Court indicating that a final judgment has been entered in this matter.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Tennessee Secondary School Association, for which execution may issue if necessary. **It is SO ORDERED.**

**PER CURIAM**