IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 23, 2012 Session

JOHN P. KONVALINKA, TRUSTEE,
v.
AMERICAN INTERNATIONAL GROUP, INC.

An Appeal from the Chancery Court for Bradley County
No. 2010-CV-13    Jerri Bryant, Chancellor

_____

No. E2011-00896-COA-R3-CV-FILED-MARCH 30, 2012

_____

This is an appeal of an order setting aside a default judgment.  The plaintiff obtained a default judgment against the defendant.  The defendant then filed a motion to set aside the default judgment, which was granted.  The order setting aside the default judgment was certified as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.  The plaintiff now appeals.  We find that Rule 54.02 certification was improvidently granted, and we dismiss the appeal for lack of appellate jurisdiction.

Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed for Lack of Jurisdiction

HOLLY M. KIRBY, J., delivered the Opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

John P. Konvalinka, Chattanooga, Tennessee, Plaintiff/Appellant, *Pro Se*

Charles W. Cook, III, Nashville, Tennessee, and Robert G. Norred, Jr., Cleveland, Tennessee, for the Defendant/Appellee American International Group, Inc.

OPINION

FACTS AND PROCEEDINGS BELOW

Defendant/Appellee American International Group, Inc. ("AIG Inc.") allegedly provided workers' compensation insurance for Optimum Staffing, Inc. ("Optimum"), a business located in Bradley County, Tennessee.  AIG Inc. allegedly improperly withheld from

Optimum premium overpayments, excess reserves, and overpayments for claims arising from workers' compensation insurance policies issued to Optimum.

On August 10, 2009, Optimum filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court in the Eastern District of Tennessee. Plaintiff/Appellant John P. Konvalinka ("Mr. Konvalinka") is trustee for a creditor of Optimum.[1] As such, he holds a security interest in Optimum's assets, including amounts allegedly owed to Optimum by AIG Inc. for the monies improperly withheld. On September 28, 2009, the Bankruptcy Court entered an order lifting the automatic stay to allow Mr. Konvalinka to pursue remedies against Optimum's assets, including the debt allegedly owed to Optimum by AIG Inc.

Accordingly, on January 12, 2010, Mr. Konvalinka filed this lawsuit against AIG Inc., seeking to recover amounts owed to Optimum. On January 21, 2010, Mr. Konvalinka caused the complaint to be served on AIG Inc. through the Tennessee Department of Insurance, in accordance with Tennessee Code Annotated § 56-2-501, *et seq.* On March 4, 2010, the designated agent for service of process of the Department of Insurance mailed a copy of the complaint via certified mail to "AIG Claim Services, Inc." ("AIG Claims") at its Alpharetta, Georgia, post office box address. The Department has apparently used this process on more than one occasion since 2004 to provide notice to AIG Inc. that the Department was served with a legal action involving AIG Inc. and/or its agents or companies.[2]

On June 10, 2010, having received no response to the complaint, Mr. Konvalinka filed a motion for default judgment against AIG Inc. He sent a service copy of the motion to AIG Inc., as well as a notice of the hearing date for the motion, using the same address previously used by the Department of Insurance. AIG Inc. did not respond and did not appear at the scheduled hearing. After the hearing, the trial court granted Mr. Konvalinka a default judgment against AIG Inc. in the amount of $1,425,000.

Two months later, on August 25, 2010, AIG Inc. filed a motion to set aside the default judgment on several bases. AIG Inc. said that it is a separate legal entity from AIG Claims, and that it had only recently become aware of the notices that were served on AIG Claims. AIG Inc. further contended that it is not an insurance company, it was not involved in the workers' compensation insurance policies issued to Optimum, and it had never conducted business with Optimum or any other Tennessee entity. On October 7, 2010, Mr. Konvalinka filed a response in opposition to the motion to set aside the default judgment. In the

---

[1]At oral argument, Mr. Konvalinka stated that he is the trustee for an "undisclosed secured party."

[2]The record includes an affidavit from a representative of the Tennessee Department of Insurance to this effect.

response, he argued that AIG Inc. is an insurance company doing business in Tennessee, and therefore service through the Department of Insurance pursuant to Section 56-2-501 *et seq.* was proper. On the eve of the hearing on the motion to set aside the default judgment, AIG Inc. filed a reply to Mr. Konvalinka's response, attaching a copy of an insurance policy issued to Optimum by its affiliate, National Union Fire Insurance Company of Pittsburgh.

On October 13, 2010, the trial court conducted a hearing on AIG Inc.'s motion to set aside the default judgment.[3] On November 22, 2010, the trial court granted the motion to set aside. The basis for the trial court's decision was its conclusion that "AIG was not properly served with the Summons, Complaint, and Motion for Default in this matter, thereby justifying that the default judgment be set aside pursuant to Tenn. R. Civ. P. 55.02 and 60.02."

Mr. Konvalinka filed a motion to alter or amend the trial court's order setting aside the default judgment. In support, he submitted supplemental evidence regarding business conducted by AIG Inc. in Tennessee. The parties engaged in limited discovery. On March 29, 2011, after a hearing, the trial court entered an order denying Mr. Konvalinka's motion to alter or amend. The trial court certified the order as final pursuant to Rule 54.02 of the Tennessee Rules of Appellate Procedure.[4] Mr. Konvalinka now appeals, claiming that the manner of service on AIG Inc. was proper, and that the trial court erred in setting aside the default judgment.

## ANALYSIS

Before we can address the merits of the appeal, we must be satisfied that we have subject matter jurisdiction to hear this appeal. Tenn. R. App. P. 13(b). The question of subject matter jurisdiction relates to a court's power to adjudicate a particular type of controversy. *Toms v. Toms*, 98 S.W.3d 140, 143 (Tenn. 2003); *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). Lack of appellate jurisdiction cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). This Court must consider its own jurisdiction *sua sponte*, even if it is not raised by the parties. *In re Estate of Boykin*, 295 S.W.3d 632, 635 (Tenn. Ct. App. 2008). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). A final judgment

---

[3]A transcript of that hearing is not included in the appellate record.

[4]On August 9, 2011, this Court entered an order remanding the case to the trial court to amend the order so that it would reflect "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." *See* Tenn. R. Civ. P. 54.02. On September 19, 2011, the record on appeal was supplemented with an order from the trial court that complied with the provisions of Rule 54.02.

resolves all of the issues in the case, "leaving nothing else for the trial court to do." ***In re Estate of Henderson***, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).

Rule 54.02 of the Tennessee Rules of Civil Procedure is entitled "Multiple Claims for Relief." It provides an exception to the "final order" rule when an action involves more than one claim for relief and/or multiple parties. Rule 54.02 reads:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02. Thus, a trial court may direct the entry of a final order as to fewer than all of the claims or parties, so long as it makes an express direction that the order be made final under the rule and an express finding that there is no just reason for delay.[5] ***See Newell d/b/a Solowell v. Exit/In, Inc.***, No. M2003-00434-COA-R3-CV, 2004 WL 746747, at *1 (Tenn. Ct. App. Apr. 7, 2004).

As this Court has recently noted, "[t]he determination of whether Rule 54.02 certification is proper is not always easy." ***Ingram v. Wasson***, No. M2010-02208-COA-R3-CV, 2011 WL 5921694, at *9 (Tenn. Ct. App. Nov. 21, 2011). The issue of whether an order is a proper subject for Rule 54.02 certification is a question of law, reviewable by the appellate court *de novo* on the record.[6] ***Id.*** (citing ***Christus Gardens, Inc. v. Baker, Donelson, Bearman, et***

---

[5]As we indicated in the previous footnote, the trial court satisfied these requirements of Rule 54.02 in its September 2011 order.

[6]Although the question of whether the judgment certified is proper for certification under Rule 54.02 is a question of law, a trial court's determination that there is no just cause for delay, and the ultimate certification as final, are matters within the trial court's sound discretion and are reviewable under an abuse of discretion standard. ***Ingram***, 2011 WL 5921694, at *9.

*al.*, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *3-5 (Tenn. Ct. App. Aug. 15, 2008)).

Rule 54.02 does not apply to all orders that are interlocutory in nature. It only comes "into play when there are multiple parties, multiple claims, or both." *Duffer v. Lawson*, No. M2009-01057-COA-R3-CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010). Moreover, the order at issue must dispose of at least one entire claim, or resolve all of the claims against at least one party:

> We recently have noted that, even if a trial court's order includes the necessary language from Rule 54.02, a final judgment pursuant to the rule is not appropriate unless it disposes of a claim or party. We stated, "[a] 'claim' denotes 'the aggregate of operative facts which give rise to a right enforceable in the courts .'" *Chook v. Jones*, No. W2008-02276-COA-R3-CV, 2010 WL 960319, at *3 (Tenn. Ct. App. Mar. 17, 2010) (quoting *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *5 (Tenn. Ct. App. Aug. 15, 2008), *no perm. app. filed* (quoting *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 191 (6th Cir. 1978))). Accordingly, "'a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.'" *Id.* (citing *Id.* (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S. Ct. 1202, 47 L.Ed.2d 435 (1976))).

*Irvin v. Irvin*, No. M2010-01962-COA-R3-CV, 2011 WL 2436507, at *8 n.3 (Tenn. Ct. App. June 15, 2011). Thus, based on the language of the Rule, certification of an order as final pursuant to Rule 54.02 is not appropriate "unless it disposes of an entire claim or is dispositive with respect to a party." *Id.* at *8.

In this case, the order certified as final is the order denying Mr. Konvalinka's motion to alter or amend the earlier order setting aside the default judgment against AIG Inc. Thus, in the order being appealed, the trial court reaffirmed its decision to set aside the default judgment, leaving the lawsuit in the same procedural posture as it was just after the complaint was filed. In doing so, the trial court did the opposite of resolving a claim; it in effect reopened the complaint, requiring any claims asserted to be litigated in the normal course.[7]

---

[7]Where an interlocutory order is not appropriate for Rule 54.02 certification but the trial court desires immediate appellate review of the order, the trial court may grant permission for interlocutory appeal of the order pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. Under this Rule, however,

(continued...)

For this reason, we must respectfully conclude that Rule 54.02 certification of the order being appealed in this case was not appropriate. As a result, we must dismiss this appeal for lack of appellate jurisdiction.

**CONCLUSION**

The appeal is dismissed for lack of subject matter jurisdiction. Costs on appeal are to be taxed to Appellant John P. Konvalinka, Trustee, and his surety, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE

---

[7](...continued)
permission for the interlocutory appeal must also be granted by the appellate court.