# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
### September 22, 2016 Session

## MICHAEL ANGELO COLEMAN v. TENNESSEE BOARD OF PAROLE, ET AL.

### Direct Appeal from the Chancery Court for Davidson County
### No. 15-936-III    Ellen H. Lyle, Chancellor

---

### No. M2016-00410-COA-R3-CV – Filed October 25, 2016

---

This appeal involves a multi-count petition filed in chancery court by a prisoner after he was denied parole. The prisoner's petition set forth five counts alleging various constitutional and civil rights violations in connection with the parole process, and he requested declaratory and injunctive relief related to these five counts. The sixth count in the petition sought review of the decision of the parole board pursuant to the common law writ of certiorari. The chancery court dismissed the five counts for declaratory and injunctive relief and certified its order of partial dismissal as final pursuant to Tennessee Rule of Civil Procedure 54.02, leaving only the certiorari action pending. We conclude that the trial court improvidently certified its order as final and dismiss the appeal.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Robert L. Delaney, Jodie A. Bell and Michael J. Passino, Nashville, Tennessee, for the appellant, Michael Angelo Coleman.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Pamela S. Lorch, Senior Counsel, Nashville, Tennessee, for the appellees, Tennessee Board of Parole, Richard Montgomery, Chairman; Tennessee Department of Correction, Derrick D. Schofield, Commissioner; Patsy Bruce, Ronnie Cole, Gary M. Faulcon, Tim Gobble, Gay Gregson, Barrett Rich, and David Liner.

# OPINION

## I. FACTS & PROCEDURAL HISTORY

Michael Angelo Coleman is serving a life sentence for murder. After a parole hearing in 2011, the Tennessee Board of Probation and Parole ("the Board") denied parole for Coleman, citing the seriousness of his offense, a substantial risk that he would not conform to the conditions of his release, and his need for various prison programs if eligible. At Coleman's next parole hearing in October 2014, the hearing was continued pending a psychological evaluation of Coleman. The evaluation was completed, and Coleman was given another hearing in April 2015. The Board again denied parole based on the seriousness of his offense and the risk that he would not conform to the conditions of his release.

After the Board denied Coleman's appeal of this decision, Coleman filed in chancery court a "Verified Petition for Common Law Writ of Certiorari and Complaint for Declaratory and Injunctive Relief." He named as respondents the Board itself, eight individual members of the Board in their official capacities, and Derrick Schofield, the Commissioner of the Tennessee Department of Correction, in his official capacity. Coleman's petition set forth six counts: Count I alleged violations of the ex post facto clause and substantive due process; Count II alleged violations of procedural due process; Count III alleged violations of substantive due process; Count IV alleged equal protection violations; Count V alleged violations of 42 U.S.C § 1983; and Count VI sought review pursuant to the common law writ of certiorari on the basis that the denial of parole was arbitrary, capricious, and unconstitutional for the reasons stated in the first five counts. All six counts were based on alleged errors and omissions in connection with the various parole hearings, parole decisions, and/or prison programs recommended by the Board that were allegedly related to Coleman's parole eligibility. Coleman's petition sought declaratory and injunctive relief related to the first five counts.

The Attorney General's office filed a "partial motion to dismiss" on behalf of the Board and TDOC Commissioner Schofield.[1] They argued that original causes of action, such as claims for declaratory judgment or for violations of 42 U.S.C. § 1983, cannot be combined with appellate actions, such as a common law writ of certiorari seeking review of a parole decision. Accordingly, they sought dismissal of the counts seeking declaratory judgment. They also argued that TDOC Commissioner Schofield should be dismissed from the lawsuit because he is not a member of the Board and did not participate in the parole decision subject to review in the certiorari proceeding.

---

[1]The partial motion to dismiss noted that Coleman's petition also named as respondents the individual members of the Board in their official capacities, but according to the motion, the individual members had not been served as of the date of the motion.

Coleman filed a response to the partial motion to dismiss, in which he argued that the caselaw cited by the Respondents regarding the joinder of civil actions with a common law writ of certiorari "does not apply to constitutional and civil rights claims which arise out of the same transaction or occurrence and seek supplemental relief from alleged wrongs." Coleman suggested that he was required to join all claims arising out of the same transaction or occurrence in one action in accordance with the Tennessee Rules of Civil Procedure and out of concerns relating to res judicata and collateral estoppel. He argued that no good reason existed for denying him the right "to assert a claim for two consistent forms of relief under a single set of facts" because "the two remedies were not inconsistent." In fact, he argued that joinder of the first five counts with the certiorari action was "absolutely necessary to avoid duplicative litigation [and] potentially inconsistent outcomes." According to Coleman, the claims he alleged in the first five counts sought to remedy the same constitutional errors that resulted in arbitrary and capricious decisions by the Board.[2] He asserted that the joinder of his constitutional claims would not give rise to case management issues, as the trial court could adequately structure the proceedings to accommodate all the claims.

The Respondents filed a reply contending that the common law writ of certiorari would provide sufficient review for any claim Coleman had regarding his parole hearing, the parole decision, or the procedures utilized therein, including constitutional claims.

On January 13, 2016, the trial court entered a memorandum and order granting the partial motion to dismiss. The court concluded that Coleman's "only cognizable claim under Tennessee law" was a petition for writ of certiorari. Specifically, the trial court concluded that the only procedure for a prisoner to obtain judicial review of a decision of the Board is through a petition for common law writ of certiorari. It also concluded that Coleman's appellate cause of action for certiorari review of the Board's decision could not be joined with original causes of action for declaratory judgment and/or violations of 42 U.S.C. § 1983. The trial court concluded that the petition for writ of certiorari provided Coleman with a meaningful remedy, as it permitted review to determine whether the Board acted in violation of constitutional or statutory provisions, followed

---

[2]Coleman acknowledged that there were "three exceptions to the statement that Counts I-V are not inconsistent with the inquiry authorized by the writ of certiorari." First, Coleman noted that he sought a declaration that certain rules and procedures were unconstitutional as applied to him, which were issues not addressed by the Board. Second, he noted his allegation that the Board and the TDOC were partners and had joint obligations with regard to matters of parole, which they allegedly failed to meet in connection with Coleman's parole process. He claimed that the common law writ of certiorari did not contemplate or allow review of agency actions when two agencies worked together as partners to a common end. And finally, Coleman noted that his petition named individual respondents in their official capacities, rather than simply the Board, "so as to have all responsible actors before the Court" because he "[did] not know exactly what happened" in connection with his parole hearings.

unlawful procedures, or acted in an arbitrary or capricious manner. However, the trial court noted that TDOC Commissioner Schofield did not participate in the Board's decision to grant or deny parole. Accordingly, the court held, "The declaratory judgment and 42 U.S.C. § 1983 claims must be dismissed as well as Commissioner Schofield must be dismissed from the case." The trial court dismissed the first five counts of the complaint with prejudice and dismissed Commissioner Schofield as a party to the lawsuit.

The trial court certified its order of partial dismissal as final pursuant to Tennessee Rule of Civil Procedure 54.02 because the dismissal involved pure questions of law and novel application of the law to the facts of the case. Under these circumstances, the trial court found no just reason for delay in entering a final judgment on these claims so that they could be appealed while the underlying case proceeded on the certiorari claim. The trial court ordered the remaining Respondents to file the record with regard to the certiorari claim and comply with certain deadlines for discovery. Coleman timely filed a notice of appeal of the trial court's order of partial dismissal.[3]

## II. ISSUES PRESENTED

Coleman presents the following issues for review on appeal:

1. Whether the Chancellor erred in dismissing Counts I-V of the Complaint under the general standard governing Rule 12.02(6) motions or the more rigorous standard governing actions seeking a declaratory judgment;

2. Whether the statutory common-law writ of certiorari has any application to an action in which separate governmental entities act together as partners in a joint venture to deny Mr. Coleman's statutory and constitutional rights;

---

[3]On appeal, Coleman proceeds under the assumption that the trial court dismissed all of the individual respondents from the lawsuit, including the eight members of the Board. We do not interpret the trial court's order of dismissal in that manner, and neither did the Attorney General's office. The partial motion to dismiss was originally filed on behalf of the Board and TDOC Commissioner Schofield. The order of partial dismissal stated that "[t]he declaratory judgment and 42 U.S.C. § 1983 claims must be dismissed *as well as Commissioner Schofield must be dismissed from the case.*" If the trial court meant to dismiss all of the individual respondents named in their official capacities from the case, there would have been no need to specify the dismissal of Commissioner Schofield. Moreover, the same order of partial dismissal directs "the Respondents" to comply with discovery deadlines and state objections "in their responses to discovery," indicating that the Board was not the only remaining Respondent, as Coleman suggests.

3. Whether the standard of *Goodwin v. Metro. Bd. of Health*, 656 S.W.2d 383 (Tenn. Ct. App. 1983) applies here and whether it remains good law with respect to Counts I-V of Mr. Coleman's Complaint;

4. Whether Mr. Coleman has properly stated a claim for declaratory judgment against state officers and employees acting in their official capacities;

5. Whether Mr. Coleman has properly stated claims for declaratory judgment with respect to constitutional and statutory violations by the Board, its members, and its Executive Director and by TDOC and its officers and directors antecedent to, and concurrent with the Board's decision denying parole;

6. Whether Mr. Coleman has properly stated a violation under 42 U.S.C § 1983 for violations of his constitutional and statutory rights as set out in Counts I-IV of the Complaint.

For the following reasons, we dismiss the appeal for lack of subject matter jurisdiction.

## III. DISCUSSION

Although review on appeal generally extends only to those issues presented for review, appellate courts must also consider "whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." Tenn. R. App. P. 13(b). "Lack of appellate jurisdiction cannot be waived." *Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011). Pursuant to the mandates of Rule 13(b), we have reviewed the appellate record and come to the conclusion that this Court lacks subject matter jurisdiction over the appeal.

We begin by examining the "'avenue' by which the appeal is being pursued before this Court." *Town of Collierville v. Norfolk S. Ry. Co.*, 1 S.W.3d 68, 69-70 (Tenn. Ct. App. 1998). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). Rule 3 of the Tennessee Rules of Appellate Procedure provides:

Except as otherwise permitted in [R]ule 9 and in Rule 54.02 [of the]

5

Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

The procedures set forth in Rule 9 were not utilized in this case, so we turn to Rule 54.02. It provides, in part:

> When more than one claim for relief is present in an action, . . . or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Tenn. R. Civ. P. 54.02.

Rule 54.02 "is an exception to Rule 3 that permits the trial court, without permission from the appellate court, to certify an order as final and appealable, even if parts of the overall litigation remain pending in the trial court." *Johnson v. Nunis*, 383 S.W.3d 122, 130 (Tenn. Ct. App. 2012). Rule 54.02 allows a "trial court to convert an interlocutory ruling into an appealable order." *Mann v. Alpha Tau Omega Fraternity*, 380 S.W.3d 42, 49 (Tenn. 2012). However, "the trial court's authority to direct the entry of a final judgment is not absolute." *Brentwood Chase Cmty. Ass'n v. Truong*, No. M2014-01294-COA-R3-CV, 2014 WL 5502393, at *2 (Tenn. Ct. App. Oct. 30, 2014) (*no perm. app. filed*) (citing *Crane v. Sullivan*, No. 01A01-9207-CH-00287, 1993 WL 15154, at *1-2 (Tenn. Ct. App. Jan. 27, 1993)). "Rule 54.02 does not apply to all orders that are interlocutory in nature." *Konvalinka v. Am. Int'l Grp., Inc.*, No. E2011-00896-COA-R3-CV, 2012 WL 1080820, at *3 (Tenn. Ct. App. Mar. 30, 2012). An order can only be certified as final in limited circumstances. *Johnson*, 383 S.W.3d at 130. Because Rule 54.02 provides that a trial court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties," the order certified as final must be dispositive of an entire claim or party. *Bayberry*, 783 S.W.2d at 558.

"The determination of whether Rule 54.02 certification is proper is not always easy." *Ingram*, 379 S.W.3d at 238. Two prerequisites exist for the certification of a final

judgment: (1) the order must eliminate one or more but fewer than all of the claims or parties, and (2) the order must expressly direct the entry of final judgment upon an express finding of "no just reason for delay." *FSGBank, N.A. v. Anand*, No. E2011-00168-COA-R3-CV, 2012 WL 554449, at *4 (Tenn. Ct. App. Feb. 21, 2012) (quoting *Carr v. Valinezhad*, M2009-00634-COA-R3-CV, 2010 WL 1633467 at *2 (Tenn. Ct. App. Apr. 22, 2010)). On appeal, we review a trial court's Rule 54.02 certification of a judgment as final using a dual standard of review. *King v. Kelly*, No. M2015-02376-COA-R3-CV, 2016 WL 3632761, at *3 (Tenn. Ct. App. June 28, 2016); *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009). The initial determination of whether a particular order disposes of a distinct and separable "claim" that is subject to Rule 54.02 certification is a question of law reviewed *de novo*. *Ingram*, 379 S.W.3d at 238; *Brown*, 2009 WL 4878621, at *5. If the order properly disposes of an entire claim or party, appellate courts then determine whether "there is no just reason for delay" within the meaning of Rule 54.02. The trial court's determination as to this issue is reviewed under an abuse of discretion standard. *King*, 2016 WL 3632761, at *3; *Ingram*, 379 S.W.3d at 238.

We begin with the question of whether the trial court's order disposed of one or more of the claims or parties before it. If the trial court certifies a judgment as final, but it is not conclusive as to an entire claim or party, an appeal from it will be dismissed even though the trial court decided to treat the order as final. *FSGBank*, 2012 WL 554449, at *4. Without a final adjudication of at least one claim, Rule 54.02 is simply inapplicable. *King*, 2016 WL 3632761, at *4. For the purposes of Rule 54.02, a "claim" is defined as the "'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Carr*, 2010 WL 1633467, at *3 (quoting *Brown*, 2009 WL 4878621, at *6); *see McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 192 (6th Cir. 1978); *see Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2nd Cir. 1943).

An example is helpful. In *Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *1 (Tenn. Ct. App. Aug. 15, 2008), the plaintiff alleged three instances of legal malpractice. The trial court certified as final an order dismissing "two claims" for legal malpractice based on the statute of limitations, while one "claim" for legal malpractice remained pending. *Id.* at *3. The trial court reasoned that the plaintiff should not be required to try its case on the third claim without first determining whether its first two claims were correctly dismissed. *Id.* The defendant argued that the plaintiff's various theories of legal malpractice did not constitute more than one "claim" for relief for purposes of Rule 54.02. *Id.* at *4. In response, the plaintiff argued that each of the three claims were separate and distinct theories of recovery that would support a judgment if proven. *Id.* Noting that Tennessee's version of Rule 54.02 is identical to Federal Rule of Civil

7

Procedure 54(b), we considered as persuasive federal caselaw providing that "'a claim is a set of facts giving rise to one or more legal rights,'" and Rule 54 "'cannot be used to appeal a part of a single claim or . . . to test a single legal theory of recovery.'" *Id.* at \*5 (quoting *Schwartz v. Eaton*, 264 F.2d 195, 196 (2d Cir. 1959)). Accordingly, "'a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.'" *Id.* (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976)). Applying these principles, we concluded that the plaintiff's three "causes of action" in the complaint actually presented three different theories of legal malpractice, all arising from an aggregate set of operative facts and closely related series of occurrences. *Id.* at \*5. Because these three causes of action were "alternative theories in pursuit of one recovery," they did not state multiple claims for the purposes of Rule 54.02, and the trial court was without authority to certify as final its order resolving only two of the theories. *Id.* We held that the order was improvidently certified as final and remanded for further proceedings.[4] *Id.*

We turn now to the circumstances of the case before us. Again, certification of an order as final pursuant to Rule 54.02 is not appropriate unless the order "disposes of an entire claim *or* is dispositive with respect to a party." *Konvalinka*, 2012 WL 1080820, at \*3 (emphasis added). Here, Coleman argues that certification was justifiable under either option: disposal of a claim or disposal of a party. We disagree. Even though different theories of liability may have been asserted, the concept of a "claim" denotes the aggregate of operative facts that give rise to a right enforceable in the courts. *Brown*, 2009 WL 4878621, at \*6. The trial court's order of partial dismissal disposed of Coleman's five constitutional and civil rights "counts" requesting declaratory and injunctive relief. However, all six "counts" set forth in Coleman's petition involved a single aggregate of operative facts -- challenging the parole process -- and therefore constituted a single claim for purposes of Rule 54.02. Coleman's sixth count, his certiorari action, alleged that the Board's decision was unconstitutional for the same

---

[4]*See also Brentwood Chase Cmty. Ass'n*, 2014 WL 5502393, at \*2 (holding that alleged violations of three different rules of a homeowners association constituted a single claim for purposes of Rule 54.02); *Duffer v. Lawson*, No. M2009-01057-COA-R3-CV, 2010 WL 3488620, at \*6 (Tenn. Ct. App. Sept. 3, 2010) (explaining that certification of an order was inappropriate where the case involved "a potpourri of legal theories" concerning a real property dispute and the order eliminated some of those legal theories but not the entire claim for purposes of Rule 54.02); *Carr*, 2010 WL 1633467, at \*3 (concluding that eight counts including breach of fiduciary duty, undue influence, conversion, fraud, conspiracy, unjust enrichment, exploitation, declaratory relief, and constructive trust arose out of the same aggregate of operative facts); *Brown*, 2009 WL 4878621, at \*7 (recognizing that nine causes of action asserted by the plaintiff arose out of the same aggregate set of operative facts, including fraud, professional negligence, breach of fiduciary duty, conversion, declaratory judgment, and the like); *Tucker v. Capitol Records, Inc.*, No. M2000-01765-COA-R3-CV, 2001 WL 1013085, at \*10 (Tenn. Ct. App. Sept. 6, 2001) (explaining that a single claim existed for purposes of appellate jurisdiction because a single aggregate of operative facts was involved, regardless of whether it established breach of contract, termination of contract, alternative tort liability, or no liability).

reasons set forth in the first five counts alleging constitutional and civil rights violations. As set out in the facts above, Coleman acknowledged before the trial court that his "constitutional and civil rights claims [] arise out of the same transaction or occurrence [as the certiorari action] and seek supplemental relief from alleged wrongs." He specifically acknowledged that "The prayers for declaratory and injunctive relief in Counts I-V arise out of the same transactions, occurrences, rules, and procedures as those [he] seeks to address pursuant to the common law writ of certiorari." He argued that no good reason existed for denying him the right "to assert a claim for two consistent forms of relief under a single set of facts" because "the two remedies were not inconsistent." Although the first five counts were dismissed, the certiorari action remains pending.

As *Christus Gardens* demonstrates, "trial courts may not certify as final a decision that adjudicates only some of the legal theories upon which a plaintiff bases his or her case." *Paul v. Watson*, No. W2011-00687-COA-R3-CV, 2012 WL 344705, at *4 (Tenn. Ct. App. Feb. 2, 2012). "'[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief.'" *Christus Gardens*, 2008 WL 3833613, at *5 (quoting *Liberty Mut.*, 424 U.S. at 743). "[S]eparate causes of action or counts in a complaint that arise out of the same series of closely related factual occurrences constitute one claim for the purposes of Rule 54.02." *Carr*, 2010 WL 1633467, at *3. Accordingly, we conclude that Coleman's request for relief pursuant to the common law writ of certiorari and his requests for declaratory and injunctive relief based on the same aggregate of operative facts constituted a single claim for purposes of Rule 54.02. The Board and eight individual members of the Board who were named as Respondents remain parties to the underlying certiorari action, and it would not be appropriate, under Rule 54.02, to permit an appeal of some of the theories asserted in Coleman's petition without disposing of all of them. *See Christus Gardens*, 2008 WL 3833613, at *5.

We recognize that the trial court's order of partial dismissal did dismiss TDOC Commissioner Schofield and was therefore dispositive with respect to a party as it relates to him. Still, even though this dismissal of a party meets the first prerequisite for certification under Rule 54.02, we conclude that certification was inappropriate under the second step. If an order properly disposes of one or more parties, then we must determine whether there is no just reason for delay of appellate review utilizing the abuse of discretion standard of review. *FSGBank*, 2012 WL 554449, at *3. "A trial court abuses its discretion when it . . . applies an incorrect legal standard, or reaches a decision that is against logic or reasoning that causes an injustice to the party complaining." *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004) (citation omitted). Although we review a trial court's decision regarding certification using an abuse of discretion standard, "our Supreme Court has stated that it does not encourage the practice of 'certifying interlocutory judgments as final under Rule 54.02, thereby requiring a

litigant to file an appeal while the remainder of the litigation is ongoing.'" *Tuturea v. Tenn. Farmers Mut. Ins. Co*., W2006-02100-COA-R3-CV, 2007 WL 2011049 (Tenn. Ct. App. July 12, 2007) (quoting *Harris v. Chern*, 33 S.W.3d 741, 745 n.3 (Tenn. 2000)). "Piecemeal appellate review is not favored." *Harris*, 33 S.W.3d at 745 n.3. According to our supreme court, "[o]rders certifying interlocutory judgments as final 'should not be entered routinely' and 'cannot be routinely entered as a courtesy to counsel.'" *Id.* (quoting *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 921 (Tenn. Ct. App. 1991)).

"This Court has adopted from the federal jurisprudence a list of factors that a trial court should consider in deciding whether or not to certify an interlocutory judgment as final under Rule 54.02[.]" *Rich v. City of Chattanooga*, No. E2013-00190-COA-R3-CV, 2014 WL 1513349, at *12 (Tenn. Ct. App. Apr. 17, 2014) (*no perm. app. filed*). The factors that must be weighed in determining whether certification is proper include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* (quoting *FSGBank*, 2012 WL 554449, at *5).[5] Depending on the facts of the particular case, all or some of these factors may bear on the propriety of the trial court's discretion in certifying a judgment as final. *Id.* Our deference to the trial court's determination "rests on the assumption that, in reaching the certification decision, the trial court has weighed the factors listed above." *Id.* The trial court's decision as to whether there is just reason to delay appellate review is subject to reversal if the court fails to weigh and examine the competing factors involved in the certification decision. *Brown*, 2009 WL 4878621, at *7.

Here, the trial court certified its order of partial dismissal as final *sua sponte* and made no reference to the aforementioned factors. The only justification given by the trial judge was the fact that the issues involved in the partial dismissal order were issues of law and involved novel application of the law to the facts. After reviewing the relevant factors and their application to this case, we conclude that certification of the partial dismissal order pursuant to Rule 54.02 was inappropriate.[6] Under the first factor, we

---

[5]These factors were set forth in *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975).

[6]"Where an interlocutory order is not appropriate for Rule 54.02 certification but the trial court desires

10

must analyze the relationship between the adjudicated and unadjudicated claims. The trial court is "obligated to consider whether the factual issues at the heart of the claims [are] distinct" in order to permit Rule 54.02 certification. *FSGBank*, 2012 WL 554449, at *6 (quotation omitted). We must also consider "the extent to which the inquiry into applicable law for each claim would involve duplication of effort if done separately." *Id.* The various "counts" Coleman alleged against the single dismissed party, TDOC Commissioner Schofield, are the same "counts" he alleged against the eight other individually named Board members who were not dismissed from the lawsuit. The "counts" alleged against TDOC Commissioner Schofield and the other individuals all arise out of the facts surrounding the parole process and require application of the same laws, evidencing a significant factual and legal connection that weighs against severance of the counts against the TDOC Commissioner. The need to avoid piecemeal appellate review is even more apparent when considering Coleman's allegation that the Board and the TDOC acted jointly as partners in a joint venture and committed "concurrent wrongs" for purposes of his constitutional claims. Our need to review the issues currently raised on appeal could be impacted by future developments in the trial court proceedings. On the other hand, if the appeal involving Commissioner Schofield and the remaining case involving the other Respondents proceed separately, we could be required to examine the same issues in the context of the same parole process twice. The remaining miscellaneous factors do not lead us to conclude that certification is appropriate to enable a separate appeal of the dismissal of the TDOC Commissioner at this time.[7] There is ample reason to delay appellate review of the order of partial dismissal.

"This Court may conclude that Rule 54.02 certification was improvidently granted where 'the issue which the trial court declared final and appealable is inextricably linked with the remaining issues not yet decided.'" *Ingram*, 379 S.W.3d at 238 (quoting *Crane*, 1993 WL 15154, at *2); *see, e.g.*, *Johnson v. Tanner-Peck, L.L.C.*, No. W2009-02454-COA-R3-CV, 2011 WL 1330777, at *6 n.8 (Tenn. Ct. App. Apr. 8, 2011) (explaining that an order was not appropriate for certification as final under Rule 54.02 where the same legal right addressed in the order and the same aggregate of facts were also asserted against party defendants who were not included in the order certified as final). We conclude that the trial court's order of partial dismissal was improvidently certified as

immediate appellate review of the order, the trial court may grant permission for interlocutory appeal of the order pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure." *Konvalinka*, 2012 WL 1080820, at *3 n.7. Permission for the interlocutory appeal must also be granted by the appellate court.

[7]Coleman asked this Court to review the issues he raised despite this Court's concerns about compliance with Rule 54.02. However, "[t]his Court will suspend the finality requirements of Rule 3 of the Tennessee Rules of Appellate Procedure only in the most extenuating circumstances, where justice so demands." *Williams v. Tenn. Farmers Life Reassurance Co.*, No. M2010-01689-COA-R3-CV, 2011 WL 1842893, at *6 (Tenn. Ct. App. May 12, 2011). We will not do so "as a mere convenience or to work an end-run around Rule 54.02 of the Tennessee Rules of Civil Procedure, or Rules 9 and 10 of the Tennessee Rules of Appellate Procedure." *Id.* We decline to suspend the rules in this case.

final and therefore dismiss the appeal for lack of subject matter jurisdiction.[8]  *See FSGBank*, 2012 WL 554449, at *4 ("If the Trial Court has improperly certified the [order] as final the appeal must be dismissed for lack of subject matter jurisdiction.").

## IV. CONCLUSION

For the aforementioned reasons, the appeal is dismissed and this matter is remanded for further proceedings.  Costs of this appeal are taxed to the appellant, Michael Angelo Coleman, and his surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

---

[8]We also note that the trial court's order of partial dismissal failed to comply with Tennessee Rule of Civil Procedure 58.  It was signed by the trial judge but contained no certificate of service or signature of any attorney.  Only a "cc" was listed with the names of the parties' attorneys.  Rule 58 governs the effectiveness of the entry of final judgments and provides in pertinent part as follows:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

"The failure to adhere to the requirements set forth in Rule 58 prevents a court's order or judgment from becoming effective." *Blackburn v. Blackburn*, 270 S.W.3d 42, 49 (Tenn. 2008).  If the order appealed is not an effective final judgment, this Court does not have subject matter jurisdiction to adjudicate the appeal. *Steppach v. Thomas*, No. W2008-02549-COA-R3-CV, 2009 WL 3832724, at *4 (Tenn. Ct. App. Nov. 17, 2009).  Inclusion of Rule 54.02 language "will not negate failure to comply with [Rule] 58 concerning the effectiveness of the final order." *Id.*  The failure to comply with Rule 58 provides an alternative basis for our conclusion that this Court lacked subject matter jurisdiction to review the appeal.